UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

EDWARD L. DILLARD,

      Plaintiff,

v.

STATE OF MICHIGAN and MICHIGAN
DEPARTMENT OF CORRECTIONS,

      Defendants.
_____/

Case No. 1:21-cv-11257

Honorable Thomas L. Ludington
United States District Judge

Honorable Kimberly G. Altman
United States Magistrate Judge

**OPINION AND ORDER (1) GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS, (2) DISMISSING AMENDED COMPLAINT, (3) DENYING AS MOOT PLAINTIFF'S MOTION AND REQUEST FOR TEMPORARY RESTRAINING ORDER AND INJUNCTION, AND (4) DENYING PLAINTIFF LEAVE TO APPEAL IN FORMA PAUPERIS**

In May 2021, Plaintiff Edward L. Dillard filed an amended civil-rights complaint under 42 U.S.C. § 1983. ECF No. 2. He also filed an application to proceed without prepaying the fees or costs for this action ("in forma pauperis"), ECF No. 3, a motion for an emergency restraining order and injunction, ECF No. 4, and a second request for a temporary restraining order and injunction, ECF No. 7. Plaintiff named the State of Michigan (the "State") and the Michigan Department of Corrections (the "Department") or its "Commissioner," Heidi Washington[1] as Defendants. ECF No. 2 at PageID.10.

For the reasons explained hereafter, Plaintiff's application to proceed in forma pauperis will be granted, his amended complaint will be dismissed, his motion and request for an emergency restraining order and injunction will be denied as moot, and he will be denied leave to appeal in forma pauperis.

---

[1] Washington is the Director of the Michigan Department of Corrections.

**I.**

According to public records maintained by Michigan, Plaintiff is a former state prisoner who was released on parole on September 24, 2020.[2] His supervision began the same day and is scheduled to conclude on September 24, 2022. His current address is Operation Get Down, 10100 Harper Avenue, Detroit, Michigan 48213. ECF No. 3 at PageID.20; ECF No. 7 at PageID.28.[3]

Plaintiff initiated this action on May 20, 2021, when he filed a complaint "challenging the constitutionality of the supervision by the Respondents." ECF No. 1 at PageID.1. Eight days later, on May 28, 2021, Plaintiff filed a second complaint, ECF No. 2, and an application to proceed in forma pauperis, ECF No. 3. His second complaint is construed as an amended complaint that supersedes his initial complaint.

In his Amended Complaint, Plaintiff alleges that he was convicted of first-degree criminal sexual conduct in 1997 and sentenced to 25 to 50 years' imprisonment. ECF No. 2 at PageID.16. He completed his sentence and was discharged in 2020. *Id.*

Plaintiff seemingly alleges that Defendants have violated the Ex Post Facto Clause and deprived him of his liberty without due process of law by amending his sentence to include a term of supervision that requires participation in a residential housing program, electronic monitoring, and registration as a sex offender. *Id.* at PageID.16–19. Plaintiff contends that these conditions make his sentence more onerous because he was discharged from prison after completing his minimum sentence. *Id.*

---

[2] *See* https://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=254178 [https://perma.cc/39A9-W26D].

[3] "Operation Get Down provides short-term housing for returning citizens, among other services." *Jakubowski v. Haiderer*, No. 18-cv-11323, 2021 WL 1097333, at *1 (E.D. Mich. Feb. 24, 2021), *report and recommendation adopted sub nom. Jakubowski v. Halderer*, No. 18-cv-11323, 2021 WL 1087656 (E.D. Mich. Mar. 22, 2021).

On May 28, 2021, Plaintiff filed an emergency motion for a restraining order and injunction. ECF No. 4. In the Motion, Plaintiff states that, following his discharge from prison, Defendants imposed intermediate sanctions, including but not limited to incarceration in a local jail, home detention, electronic monitoring, intensive probation, sex-offender or mental-health treatment or counseling. ECF No. 4 at PageID.23. Plaintiff thus seeks a temporary restraining order and injunction to prohibit Defendants from imposing intermediate sanctions and enforcing laws after his discharge from prison. *Id*.

Several weeks later, Plaintiff sent a letter to the Clerk of the Court. ECF No. 7. In the letter, Plaintiff argues that the Department cannot amend a sentence to include a term of supervision that follows an offender's discharge from his sentence. *Id.* at PageID.28. Plaintiff also seemingly argues that he should be discharged from supervision because the expiration of his minimum sentence "bars further sanctions for [his] criminal conviction." *Id*. Plaintiff elaborates that he is "faced with irreparable harm" to his constitutional rights and therefore requests entry of "an injunction and temporary restraining order." *Id.* Plaintiff's letter is construed as a motion for a temporary restraining order.

## II.

### A.

The first issue is whether Plaintiff may proceed in forma pauperis. Because he is no longer incarcerated or detained, the procedures for prisoners provided in 28 U.S.C. § 1915 do not apply. Even so, this Court may authorize the commencement of any suit without prepayment of fees if the plaintiff submits an affidavit that includes a description of his assets and a statement that he is unable to pay the fees. *See* 28 U.S.C. § 1915(a)(1); *see also In re Prison Litig. Reform Act*, 105

F.3d 1131, 1134 (6th Cir. 1997) ("Like prisoners, a non-prisoner seeking pauper status in the district court must file an affidavit listing all of his or her assets.").

In his application, Plaintiff states that he has not earned any income in the last 12 months, has no money in a checking or savings account, and owns nothing of value. ECF No. 3 at PageID.20–21. Accordingly, the Court finds that Plaintiff is indigent, and his application to proceed in forma pauperis will therefore be granted.

**B.**

The next issue is whether Plaintiff's Amended Complaint is meritorious enough to survive initial screening. For the reasons set forth below, it is not.

**i.**

This Court must dismiss any in forma pauperis complaint if, among other things, the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(b)(1); *see In re Prison Litig. Reform Act*, 105 F.3d at 1134 (stating that even though "complaints by non-prisoners are not subject to the screening process required by [28 U.S.C.] § 1915A," "the district court must still screen the complaint under § 1915(e)(2)"). Although a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007) (footnote and citations omitted). In other words, "a complaint must contain sufficient factual matter . . . to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Further, a complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (unanimous decision) (noting that the term "frivolous" "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation").

Plaintiff brings this action under 42 U.S.C. § 1983, which "makes 'liable' '[e]very person' who 'under color of' state law 'subjects, or causes to be subjected,' another person 'to the deprivation of any rights, privileges, or immunities secured by the Constitution[.]'" *Pineda v. Hamilton Cnty.*, 977 F.3d 483, 489 (6th Cir. 2020) (quoting 42 U.S.C. § 1983) (brackets in original). To prevail, Plaintiff must prove: "(1) that he . . . was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of law." *Robertson v. Lucas*, 753 F.3d 606, 614 (6th Cir. 2014).

**ii.**

Plaintiff brings this action against the State of Michigan and the Michigan Department of Corrections, but the Eleventh Amendment bars suits against a state or one of its agencies or departments unless the state has consented to suit. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). "The state of Michigan . . . has not consented to being sued in civil rights actions in the federal courts." *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004). And "Congress did not intend to abrogate the states' Eleventh Amendment immunity by passing section 1983." *Thiokol Corp. v. Mich. Dep't of Treasury*, 987 F.2d 376, 383 (6th Cir. 1993) (citing *Quern v. Jordan*, 440 U.S. 332 (1979)).

"Eleventh Amendment immunity 'bars all suits, whether for injunctive, declaratory[,] or monetary relief, against the state and its departments, by citizens of another state, foreigners or its own citizens.'" *McCormick v. Mia. Univ.*, 693 F.3d 654, 661 (6th Cir. 2012) (quoting *Thiokol*, 987

F.2d at 381). Therefore, Michigan and its Department of Corrections are immune from suit under the Eleventh Amendment, because the State and its officials acting in their official capacities are not "persons" under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

### iii.

The only other Defendant is Heidi Washington, whom Plaintiff calls the "Commissioner" of the Michigan Department of Corrections. ECF No. 2 at PageID.8. Her official title is Director of the Department of Corrections. *See Mich. Dep't of Corr.*, https://www.michigan.gov/corrections [https://perma.cc/2DTV-2RJJ]. Although Plaintiff has not alleged the capacity in which he sues Washington, this Court will assume that he filed suit against her in her official capacity.

"[T]he Eleventh Amendment does not bar suits for equitable, prospective relief . . . against state officials in their official capacity." *Diaz v. Mich. Dep't of Corr.*, 703 F.3d 956, 964 (6th Cir. 2013). Nevertheless, a plaintiff must plead with specificity how the official violated the Constitution. *Iqbal*, 557 U.S. at 676. Stated differently:

> "Each defendant's liability must be assessed individually based on his own actions." *Binay v. Bettendorf*, 601 F.3d 640, 650 (6th Cir. 2010). A plaintiff must therefore show how each defendant "directly participated in the alleged misconduct, at least by encouraging, implicitly authorizing, approving or knowingly acquiescing in the misconduct, if not carrying it out himself." *Flagg* [*v. City of Detroit*, 715 F.3d 165, 174 (6th Cir. 2013)] (quotation marks and citation omitted).

*Gardner v. Evans*, 920 F.3d 1038, 1051 (6th Cir. 2019).

Here, even if Plaintiff's constitutional rights were violated by the term of supervision, he has not alleged that Washington engaged in any misconduct. Further, there is no indication from the Amended Complaint that Washington encouraged, authorized, approved, or knowingly acquiesced in the alleged deprivation of Plaintiff's rights. Indeed, Plaintiff's statement of facts and allegations do not even mention Washington, and he cannot hold Washington liable for her subordinates' conduct under a theory of *respondeat superior* or vicarious liability. *Iqbal*, 556 U.S.

- 6 -

at 676; *Flagg*, 715 F.3d at 174 (citing *Collins v. Harker Heights*, 503 U.S. 115, 122 (1992)). Therefore, Plaintiff's allegations cannot reasonably create the inference that Washington is liable for the misconduct alleged.

For these reasons, Plaintiff's Amended Complaint lacks an arguable basis in law and fails to state a plausible claim for relief. Therefore, his amended complaint will be dismissed, and his emergency motion and request for a restraining order and injunction will be denied as moot. Further, because an appeal from this Opinion and Order could not be taken in good faith, Plaintiff will be denied leave to appeal in forma pauperis. *See* 28 U.S.C. § 1915(a)(3) ("[A]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.").

**IV.**

Accordingly, it is **ORDERED** that Plaintiff's Application to Proceed in Forma Pauperis, ECF No. 3, is **GRANTED**.

Further, it is **ORDERED** that Plaintiff's Amended Complaint, ECF No. 2, is **DISMISSED**.

Further, it is **ORDERED** that Plaintiff's Emergency Motion and Request for a Restraining Order and Injunction, ECF Nos. 4 and 7, are **DENIED AS MOOT.**

Further, it is **ORDERED** that Plaintiff is **DENIED** leave to appeal in forma pauperis, as an appeal from this Opinion and Order would be frivolous and could not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

Dated: January 12, 2022  s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge